**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JUNNE KOH**                                                                          **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:17-cv-50-DCB-MTP**

**WARDEN STONE,** *et al*.                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion to Dismiss or alternatively for Summary Judgment [30]. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion [30] be granted.

## FACTUAL BACKGROUND

Plaintiff Junne Koh, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Federal Bureau of Prisons currently housed at McRae Correctional Institution in Georgia. Plaintiff was previously housed at the Adams County Correctional Facility (ACCC) in Washington, Mississippi. Plaintiff filed this lawsuit on April 25, 2017 alleging that the prison breached its duty to provide timely healthcare.

Plaintiff sued Kimberly McAndrews and Neely Greene, health services administrators, because they denied his administrative grievances. Plaintiff also sued Warden Stone in his official capacity for the alleged delay in providing medical care. As a remedy for these alleged wrongs, Plaintiff seeks monetary damages and injunctive relief.[1]

---

[1] Any injunctive relief sought by Plaintiff is now moot because he is no longer housed as ACCC.

On November 21, 2017, the Court denied Plaintiff's Motion [14] to add *Bivens* claims to his Complaint. Order [15]. On November 22, 2017, Plaintiff's 42 U.S.C. § 1983 claims were dismissed. Order [16]. Negligence, under state law, is the only remaining claim.[2]

Defendants filed their Motion to Dismiss or for Summary Judgment [30] on September 4, 2018. Plaintiff did not file a response. This matter is ripe for consideration.

## ANALYSIS

### *Summary Judgment Standard*

The undersigned has considered the Motion [30] under the summary judgment standard. "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1066 (5th Cir. 1994). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.* at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*,

---

[2] The undersigned does not construe Plaintiff's Complaint [1] and Memorandum [2] to allege a medical malpractice claim because he states that expert testimony is not required, and he only asserts "a claim of negligent delay on the part of medical personnel." Memo. [2] at 3.

2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*,

622 F.2d 887, 892 (5th Cir. 1980)).

### *Denial of Grievance Appeals*

Plaintiff sued Defendants McAndrews and Greene because they work as health services

administrators and denied grievance appeals that Plaintiff filed through the prison's

Administrative Remedy Program.  Plaintiff does not provide a clear explanation of his claim

against McAndrews and Greene but only states "health services administrators in charge of

monitoring medical care are under-qualified or possess questionable credentials.  Kimberly

McAndrews and Neely Greene are both health services administrators although they are merely

nurses."  Memo. [2] at 2.  Plaintiff then states he is seeking monetary damages from McAndrews

and Greene because they denied his grievance appeals.  *Id*. at 4.  The Complaint [1] and

Memorandum [2] do not contain any other allegations against McAndrews and Greene.

As previously stated, Plaintiff's 42 U.S.C. § 1983 claims were dismissed.  Order [16].

Only state law claims survive, and simply denying an administrative grievance does not give rise

to a tort, constitutional or otherwise.  *See Marquez v. Quarterman*, 652 F. Supp. 2d 785, 790

(E.D. Tex. 2009) (holding "inmates do not have a basis for lawsuit because they are dissatisfied

with the grievance procedure."); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff's claims relating to the denial of his administrative grievances should be dismissed with

prejudice.

### *Negligence Claims*

Plaintiff's only remaining claim is that of negligence in providing timely medical care.

Plaintiff alleges that he was not provided a CT scan for over three years, from 2014 to 2017, and

that Defendants generally did not provide the medical services he requested.  In a negligence

action, the plaintiff "bears the burden of producing evidence sufficient to establish the existence of a duty, breach, proximate causation, and damages." *Faul v. Pelman*, 104 So. 3d 148, 153 (Miss. Ct. App. 2012) (quoting *Buck ex. rel. Buck v. Camp Wilkes, Inc.*, 906 So. 2d 778, 781 (Miss. Ct. App. 2004)).

Defendants move for summary judgment asserting that Plaintiff has not provided any evidence of a breach in Defendants' duty to provide medical care.[3]  Medical records for the time Plaintiff was incarcerated at ACCC were provided by Defendants along with an affidavit from a Grievance Counselor from the prison that states Plaintiff was incarcerated at ACCC from August 2, 2016 to August 23, 2017.  *See* Mot. [30] Ex. A.  The undersigned first notes that Plaintiff's claim that he was denied a CT scan from 2014 to 2017 cannot be attributed to Defendants because he was not moved to ACCC until 2016.  *Id*.  Moreover, Defendants represent, in an affidavit, that Plaintiff did not request a CT scan until March 7, 2017, and he was treated that same day in the medical clinic.  Mot. [30] Ex. 1 at 42-43, 124.  Plaintiff has not responded to this Motion [30] or put forth any evidence to create a genuine dispute of material fact regarding the alleged denial of a CT scan.

As to Plaintiff's general claim that he was not provided medical care, Defendants submitted evidence that "while Plaintiff was incarcerated at ACCC, he received regular medical attention, including but not limited to clinical visits for urinary incontinence, cough and congestion, dry skin, and back pain; hemoccult testing; vaccinations; chemical dependency

---

[3] Any disagreement Plaintiff may have with the quality of treatment he received would be a claim for medical malpractice.  As discussed previously, Plaintiff does not intend to provide medical expert testimony and it is therefore unlikely that he can bring a medical malpractice claim. "The general rule is that medical negligence may be established only by expert medical testimony, with exception for instances where a layman can observe and understand the negligence as a matter of common sense and practical experience."  *Cates v. Woods*, 169 So. 3d 902, 906 (Miss. Ct. App. 2014) (internal quotations omitted).  Moreover, Plaintiff did not provide notice to his medical provider as required by Miss. Code Ann. 15-1-36(15).

consultations; anatomical health evaluations; mental health evaluations; optometry examinations; preventative health risk assessments; and intake health screenings." Mot. [30], Ex. A. Plaintiff has likewise not provided any evidence to rebut this. The undersigned finds that there is no genuine dispute as to whether Plaintiff was provided medical care at ACCC. The competent summary judgment evidence put forth by Defendants demonstrates that Plaintiff received extensive medical care while incarcerated at ACCC, and Plaintiff has not come forth with evidence to demonstrate that the Defendants breached any duty to provide timely medical treatment or are responsible for any damages proximately caused by any such delay. Summary judgment should be granted as to all Defendants.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendants' Motion [30] be granted and all Defendants be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal

conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 11th day of February, 2019

s/ Michael T. Parker
United States Magistrate Judge